
IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | ) CRIMINAL CASE NO. CF0218-13-01 |
| | ) |
| vs. | ) DECISION & ORDER RE: |
| | ) EXTENDED TERM SENTENCE |
| RAYMOND TORRES TEDTAOTAO, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## I.

## INTRODUCTION

This matter came before the Honorable Maria T. Cenzon for a Sentencing Hearing on May 21, 2014. Assistant Attorney General Brian D. Gallagher represented the People of Guam (the "People"). Attorney Samuel Teker represented Defendant Raymond Torres Tedtaotao ("Defendant"), who was also present. After reviewing the briefings in this matter, hearing oral argument from the People and the Defendant, and reviewing the applicable statutes and case law, this court found that, at the urging of the People, an extended term sentence under 9 GCA § 80.38 was improperly imposed upon Defendant at the sentencing on January 22, 2014 and hereby **MODIFIES** Defendant's sentence to correct the illegal sentence and to reflect the Court's intention to impose the maximum sentence permissible under the law of Guam. This written decision and order follows to memorialize the court's ruling.

## II.

## PROCEDURAL BACKGROUND

Defendant came before the court for a jury trial commencing on November 4, 2013. On

November 26, 2013, the jury returned a guilty verdict on all charges. Defendant was found guilty of Attempted Murder (as a First Degree Felony); First Degree Robbery (as a First Degree Felony); Aggravated Assault (as a Second Degree Felony); and Burglary (as a Second Degree Felony). After the verdict of guilty, Defendant waived his right to speedy sentencing under 8 GCA § 120.14(b)(2), permitting time for Probation to prepare and the Parties to review a presentence report as provided by 9 GCA § 80.12.

The first Sentencing Hearing was continued twice: once by stipulation because counsel for Defendant was unavailable (*see* Stipulation and Order Continuing Sentencing (Dec. 16, 2013)) and a second time for the court to review the last-minute briefs of the Parties which were filed only hours before the hearing scheduled for January 21, 2014 at 3:00 PM. On January 22, 2014, the court, having reviewed the People's Sentencing Brief (Jan. 21, 2014), Defendant's Sentencing Memorandum (Jan. 21, 2014), and the Pre-Sentence Investigation Report (Dec. 10, 2013) imposed upon Defendant, one life term for each of the First Degree Felonies and twenty (20) years for Burglary (as a Second Degree Felony). For sentencing purposes, the court merged the offense of Aggravated Assault with the offense of Attempted Murder. These terms of imprisonment were derived from the extended terms defined in 9 GCA 80.32, which would apply to a "persistent offender" defined under the provisions of 9 GCA § 80.38 following a finding by the Court of several qualifying factors. *See also* People's Sentencing Brief at 2 (Jan. 21, 2014).

At a Restitution Hearing on April 15, 2014, the court *sua sponte* informed the Parties that it was reconsidering the legality of imposing an extended term upon Defendant in light of the Guam Supreme Court's opinion in *People v. Muritok*, 2003 Guam 21. The court ordered the

Parties to provide supplemental briefing on *Muritok* and 9 GCA § 80.38. The People's Supplimental (*sic*) Sentencing Brief was filed Apr. 25, 2014 and Defendant's Supplemental Sentencing Memorandum was filed on May 8, 2014. The Court then set a subsequent Sentencing Hearing for May 21, 2014 (the "Second Sentencing Hearing". Upon review of the supplemental briefs and the arguments of the parties, the court modified and imposed Defendant's sentence at the May 21, 2014 Sentencing Hearing.

## III.

## LAW AND ANALYSIS

### A. This Court Has Jurisdiction to *Sua Sponte* Reconsider the Original Sentence Imposed

Under 8 GCA § 120.46, a court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within one-hundred (120) days after the sentence is imposed. The court retains jurisdiction to amend Defendant's sentence under either standard, as the first sentence was orally pronounced on January 22, 2014 and the corrected sentence was pronounced May 21, 2014, 119 days later. *See People v. Cepeda*, No. 86-00014A, 1986 WL 68898, at *3 (D. Guam App. Div. 1989)("The term 'sentence is imposed' as used in Section 120.46 of Guam Code Annotated, Title 8 should be interpreted to mean the oral pronouncement of sentence.").

The People filed a Notice of Appeal in this matter on the issue of sentencing on May 27, 2014 which did not divest the court of jurisdiction to reconsider the sentence. *People v. Gutierrez*, 2005 Guam 19 ¶ 26 ("the trial court was not divested of jurisdiction until the filing of a notice of appeal"). And if or until a timely notice of appeal divests the trial court of

jurisdiction, "a trial court has authority to reconsider its own decisions." *Id.* The court's corrected sentence was therefore timely imposed under 8 GCA § 120.46 and occurred while the court retained jurisdiction over the matter.

## B. Applicability of Extended Terms

### 1. Relevance of *People v. Muritok*, 2003 Guam 21

The court now discusses the law on which it's modification of Defendant's sentence is based. Stephen Fritz Muritok was convicted of, *inter alia*, two Third Degree Felonies: Driving While Under the Influence of Alcohol Causing Bodily Injuries and Driving While Under the Influence of Alcohol Causing Bodily Injuries. *Muritok* ¶ 45. For each of these two Third Degree felonies, Muritok was sentenced under 9 GCA §§ 80.32 and 80.38, to an extended term of 10 years of imprisonment.[1] *Id.* The *Muritok* Court held that "Title 9 GCA § 80.38 is unconstitutional and a violation of the rule expressed in *Apprendi* [*Apprendi v. New Jersey*, 530 US 466, 120 S.Ct. 2348 (2000)] because it impliedly removes from the jury and prescribes to the court the duty to 'assess[ ][the] facts that increase the prescribed range of penalties to which a criminal defendant is exposed.'" *Muritok* ¶ 47 (quoting *Apprendi*, 530 US at 490, 120 S.Ct. at 2364). The Guam Supreme Court further clarified that "[T]he only fact found in the statute that is excepted from *Apprendi* is found in subsection (a) which refers to a defendant's previous conviction 'as an adult of two (2) felonies or of one (1) felony and two (2) misdemeanors.' The remainder of the 'facts' in the statute, however, must be proven to a jury beyond a reasonable

---

[1] The statutory maximum for a Third Degree Felony is five (5) years under 9 GCA § 80.30(c).

doubt, in compliance with *Apprendi*." *Muritok* ¶ 46. For the purposes of analyzing the extended term imposed upon Defendant in the instant matter, *Muritok* is directly on point.

## 2. Pursuant to *Muritok* the Court Will Not Impose an Extended Term under 9 GCA § 80.38

Based upon the Guam Supreme Court's holding in *Muritok*, this court finds that utilizing the procedure outlined in 9 GCA § 80.38 illegally imposed an extended term of life imprisonment upon the Defendant. The findings which the court is required to make in order to apply 9 GCA § 80.38, with the exception of prior convictions, cannot constitutionally be made by it, even if that is the particular procedure is dictated by the statute. Contrary to the People's argument in their Supplemental Sentencing Brief at 4 ("the People submit that the court can legally make the requisite findings without input from the jury."), *Muritok* and the Sixth Amendment right to jury trial do not permit this court to make any finding other than the fact of Defendant's prior conviction.

This court reads the imposition of an extended term under 9 GCA § 80.38 to require findings that Defendant: 1) is a persistent offender, 2) Defendant's commitment for an extended term is necessary for the protection of the public, 3) is over the age of twenty-one (21) years old at the time of sentencing, 4) has previously been convicted of two (2) felonies or one (1) felony and two (2) misdemeanors, and 5) said convictions occurred while Defendant was an adult. Of these five factors, the court is explicitly permitted to make only a finding that the defendant has previously been convicted of two felonies or one felony and two misdemeanors; whether the

other four factors are present justifying the imposition of an extended term must be submitted to a jury under the *Muritok* holding.[2]

Although neither the People nor Defendant briefed the essential issue of whether or not *Muritok* remains good law in Guam, the court has undertaken its own review. There have been no cases in Guam after *Muritok* which overruled its holding on 9 GCA § 80.38 and the United States Supreme Court has upheld and extended *Apprendi* as recently as its last term in *Alleyne v. United States*, 133 S.Ct. 2151, 2160 (2013)("While *Harris* [122 S.Ct. 2406 (2002)] limited *Apprendi* to facts increasing the statutory maximum, the principle applied in *Apprendi* applies with equal force to facts increasing the mandatory minimum.").[3]

### 3. Other Extended Terms Do Not Apply to Defendant

Despite the court's ruling herein, this court emphasizes that *Muritok did not* hold that the imposition of an extended term is *ipso facto* unconstitutional because extended term sentences reflect a "[l]egislative policy that certain factors weigh in favor of increasing a defendant's sentence beyond the prescribed statutory maximum." *Muritok* ¶ 47. The *Muritok* holding does,

---

[2] The People submit that Defendant "was twenty-five years old at the time he committed this [first] offense (CF0091-88)" and "since defendant must have been alive to commit his first offense, it stands to reason that defendant is at least twenty-five years of age." People's Supplemental Sentencing Brief at 4 (Apr. 25, 2014). Assuming, without deciding, that the court can derive the additional fact that Defendant is over the age of twenty-one by the date of a prior conviction (which, under *Muritok*, it cannot), this still leaves three additional elements which must be found by a jury.

[3] *See also Ring v. Arizona*, 122 S.Ct. 2428, 2443 (2002)("[W]e hold that *Walton* [*Walton v. Arizon*, 110 S.Ct. 3047 (1990)] and *Apprendi* are irreconcilable; our Sixth Amendment jurisprudence cannot be home to both. Accordingly we overrule *Walton* to the extent that it allows a sentencing judge, sitting without a jury, to find an aggravating circumstance necessary for imposition of the death penalty.") and *Blakely v. Washington*, 124 S.Ct. 2531, 2537 ("Our precedents make, clear, however, that the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of facts reflected in the jury verdict or admitted by the defendant.*")

however, stand for the proposition that after *Apprendi*, 9 GCA § 80.38 is a legislative implementation which "is now constitutionally infirm." *Id.*.

The Guam Supreme Court, acting with palpable judicial restraint, noted "[t]he ability to correct section 80.38, which embraces this legislative policy, lies with the Guam Legislature, not this court, as we have no authority in that regard." *Id.* (citing *Carlson v. GTA*, 2002 Guam 15 ¶ 46 n. 7 (recognizing that policy arguments are more properly directed to the legislature, as "[c]ourts are not in the business of judicial legislation.")). This legislative authority is exemplified by the passage of Public Law 107-32 on June 24, 2013 which added a "Three Strikes" provision at 9 GCA § 80.50 mandating life imprisonment without parole for a person who has previously been convicted of two violent or aggravated felonies.

Although Public Law 107-32 became effective upon enactment and applied to Defendant at the time of his sentencing, its applicability was not raised in the Parties' sentencing briefs. Nevertheless, the court considered its possible application to Mr. Tedtatotao's sentencing and found that his prior convictions were not defined as "violent or aggravated" under the statute at the proposed 9 GCA §§ 80.50(c)(1)(A-M).

### 4. The Court Will Impose the Maximum Legal Sentence

None of the findings of the court herein regarding extended terms affects the court's discretion to impose upon Defendant a sentence ranging from the minimum to the maximum statutory range. The *Apprendi* rule is not meant to suggest that "it is impermissible for judges to exercise discretion—taking into consideration various factors relating both to offense and offender—in imposing a judgment *within the range* prescribed by statute." *Apprendi* at 2358.

As to those factors which this court finds applicable to Defendant's sentencing, the undersigned made the following findings on the record at the Sentencing Hearing on May 21, 2014:

1. The victim in this matter and her husband have suffered significant harm and have stated that their lives will never be the same again;

2. Defendant has an extensive history of criminality, dating back at least twenty-five (25) years;

3. Defendant was on pre-trial release in another case (CF0515-11) when he committed this crime;[4]

4. Defendant's actions were extremely violent and the jury found that they evinced extreme indifference to the value of human life;

5. Defendant continues to assert his innocence and does not take responsibility for his actions;

6. The court cannot identify any mitigating factors in Defendant's case.

Based upon the above factors, the court exercised its discretion to impose the maximum, statutorily permitted term of imprisonment for each charge:

A.    Attempted Murder (as a First Degree Felony) is punishable by not less than five (5) and not more than twenty (20) years of imprisonment under 9 GCA § 80.30(a). At the Sentencing Hearing, the People asserted that the crime of Attempted Murder is subject to the

---

[4] The People did not charge Felony Committed on Release under 9 GCA § 80.37.5 in the instant Indictment which would have permitted the court to impose an additional, consecutive term of five (5) to twenty-five (25) years.

same maximum penalty of life imprisonment as Murder under 9 GCA § 13.60(a)[5] and 9 GCA 16.40(b)[6]. The court disagrees, as the statute cited to by the People specifically provides an exception to the general rule of 9 GCA 13.60(a) directly following at 9 GCA 13.60(b)[7] which defines Attempted Murder as a First Degree Felony. The court therefore finds that 9 GCA § 80.30(a) defining the general term of imprisonment for a First Degree Felony controls and Defendant was sentenced to the maximum term of twenty (20) years.

B.   First Degree Robbery (as a First Degree Felony) is punishable by not less than ten (10) and not more than twenty-five (25) years of imprisonment under 9 GCA § 40.10(b)[8] which sets a specific range of imprisonment for First Degree Robbery. Defendant was sentenced to the maximum of twenty-five (25) years.

C.   Aggravated Assault (as a Second Degree Felony was merged with the charge of Attempted Murder (as a First Degree Felony) pursuant to 9 GCA § 1.22(a)[9] and 8 GCA § 105.58(3)[10].

D.   Burglary (as a Second Degree Felony) is punishable by not less than five (5) and not more than ten (10) years of imprisonment under 9 GCA 37.20(b)[11] which sets a specific

---

[5] "Except as otherwise provided in this Section attempt, solicitation and conspiracy are crimes of the same grade and degree as the most serious crime which is attempted or solicited or is an object of the conspiracy."
[6] "Murder is a felony of the first degree, but a person convicted of murder shall be sentenced to life imprisonment notwithstanding any other provision of law…"
[7] "Attempted murder, and solicitation and conspiracy to commit murder are felonies of the first degree."
[8] "Robbery in the first degree is a felony of the first degree. In the case of robbery in the first degree, the court shall impose a sentence of imprisonment of a minimum term of ten (10) years and may impose a maximum of up to twenty-five (25) years…"
[9] "[O]ne offense is included in the other as defined in § 105.58 of the Criminal Procedure Code."
[10] "It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interest or a lesser kind of culpability suffices to establish its commission."

range of imprisonment for the offense of Burglary. Defendant was sentenced to the maximum of ten (10) years.

The court also retains discretion to impose these sentences concurrently or consecutively—the limitation of 9 GCA 80.10(b) is inapplicable when, as here, the court does not apply the extended terms provisions of 9 GCA § 80.38. *See* 9 GCA 80.10(b) ("Where the judgment of conviction included more than one crime, the sentences imposed may run concurrently or consecutively except that if such sentences run consecutively, the provisions of §§ 80.38, 80.40 and 80.42 shall not be applicable."). On account of the six factors which the court listed *supra* and upon which this court has sentenced Defendant to the maximum term of imprisonment for each charge, the court also imposed that these sentences shall run consecutively, for a total term of incarceration of fifty-five (55) years.

## IV.

## CONCLUSION

For the above reasons, **IT IS HEREBY ORDERED** that Defendant Raymond T. Tedtaotao is sentenced to fifty-five (55) years of imprisonment, the maximum legally permissible term. Judgment and Order of Commitment to issue from this Court.

**SO ORDERED** this 19 JUN 2014 day of ~~May, 2014.~~

SERVICE VIA COURT BOX

I acknowledge that a copy of the original he io was placed in the court box of:
SH. TEICER / AGAS
OFFICE
Date: 6·19·14 Time: 3:00p

Deputy Clerk, Superior Court of Guam

**HONORABLE MARIA T. CENZON**
**Judge, Superior Court of Guam**

[11] "Burglary is a felony of the second degree. In the case of burglary as a felony of the second degree, the court shall impose a sentence of imprisonment of a minimum term of five (5) years and may impose a maximum term of up to ten (10) years."